IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roy George Wilson, # 276454, | C/A No. 5:12-0366-SB-KDW |
| Petitioner, | |
| vs. | Report and Recommendation |
| Michael McCall, | |
| Respondent. | |

## *Background*

Petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (https://sword.doc.state.sc.us/scdc-public/, last visited on February 9, 2012) indicates that Petitioner is serving a 23-year sentence for kidnapping. Petitioner's conviction was entered in the Court of General Sessions for Richland County in 2001.

Petitioner filed this habeas corpus action filed pursuant to 28 U.S.C. § 2254 regarding six untried charges relating to an attempted escape and the murder of Richland County Detention Officer Alvin S. Glenn on September 17, 2000, while Petitioner was a pre-trial detainee at the Richland County Detention Center ("RCDC"). *See* Rick Bundrick, *Eight Men in Indicted in Jail Escape Plot*, The State (Nov. 22, 2000), *available at* 2000 WLNR 1489456 (listing Plaintiff as one of four persons charged with murder, armed robbery, first-degree lynching, hostage taking, kidnapping, conspiracy "in the Sept. 17 escape plot that led to the death of detention officer Alvin Glenn").

Petitioner lists six docket numbers for the charges at issue. The Public Index for the Richland County Clerk of Court website (http://www4.rcgov.us/publicindex/PICaseDetails.aspx?County 40+&Casenum G436827&CourtType G&CaseType Criminal&CourtAgency 40001&LastName Wilson&FirstName Roy, last visited on February 9, 2012) indicates that Petitioner has been charged with murder (Indictment No. 2000-GS-40-56079), criminal conspiracy (Indictment No. 2000-GS-40-56074), taking of hostage by inmate (Indictment No. 2000-GS-40-56075), kidnapping (Indictment No. 2000-GS-40-56076), armed robbery with a deadly weapon (Indictment No. 2000-GS-40-56077), and first-degree lynching (Indictment No. 2000-GS-40-56078).[1] Petitioner's criminal case with respect to these six indictments is still pending. In other words, he has not been tried on the six charges.

Petitioner raises one ground in the instant habeas petition. He contends that he is entitled to dismissal of the pending criminal charges for violation of his constitutional right to a speedy trial, lack of prosecution, and a due process violation. Petitioner indicates that speedy trial motions were filed on November 9, 2005, September 9, 2007, and November 17, 2010. All of those motions were denied. Petitioner contends that has exhausted his state court remedies and references an attached order, but he has not included an order as an attachment to his petition.

---

[1] A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n.1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011). *See also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a pro se litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7 (1980) (*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

With respect to the six pending criminal charges, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which can be sought only after Petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.

error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

105 F.3d at 910-11 (citations omitted).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial

4

proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings.

In any event, it is clear that Petitioner has not exhausted his state court remedies because his criminal case is pending. Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). If Petitioner is convicted in his pending criminal case, he can file a direct appeal. A direct appeal is the first step taken by a recently convicted South Carolina prisoner to exhaust his or her state court remedies. *State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989).

If Petitioner is convicted and his direct appeal is not successful, Petitioner can file an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10; *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 520 S.E.2d 614 (S.C. 1999); *Drayton v. Evatt*, 430 S.E.2d 517, 519-20 (S.C. 1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel). A PCR applicant may allege constitutional violations in a PCR proceeding only if the issue could not have been raised by direct appeal. *Gibson v. State*, 495 S.E.2d 426, 428 (S.C. 1998) (citing S.C. Code Ann. § 17-27-20(a)(1), (b); and *Simmons v. State*, 215 S.E.2d 883 (S.C. 1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." *Gibson*, 495 S.E.2d at 428.

If a South Carolina litigant's application for PCR is denied or dismissed by a court of common pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100; and *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform

Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977).

The Sixth Amendment, which provides that criminal defendants have the right to a speedy and public trial, was made applicable to the states in 1948. *See In Re Oliver*, 333 U.S. 257, 273 (1948). In light of Petitioner's failure to exhaust his state remedies, it is unnecessary for this court to conduct a full analysis of the four-part test set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Even though Petitioner is currently serving a sentence for kidnapping, Petitioner satisfies the "in custody" requirement because the six South Carolina indictments have, presumably, resulted in the placement of a detainer. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-89 (1973). *See also Estelle v. Dorrough*, 420 U.S. 534, 536 n.2 (1975). Even so, Petitioner is in a situation somewhat similar to that of the prisoner in *Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir. 1990). Addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, the court pointed out that the doors of the courts of Maryland were open for the petitioner, and that his inability to enter through those doors until completion of his Florida sentence was the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida:

> Here, Whittlesey cannot expect federal courts to rescue him from the consequences of his escape and subsequent commission of crimes.
>
> Whittlesey maintains that there are no state remedies available to him; however, this simply is not the case. The doors of the Maryland state courts stand open for him to present his complaints; that he is unable to enter through those doors until completion of his

> Florida sentence is the price he must pay for having escaped from the Maryland prison and committed offenses in Florida. It is his own criminal misconduct which has denied Maryland courts the opportunity to hold a hearing, develop a record, and thereby address his claims on the merits. We will not command the district court to review his habeas petition when his own unlawful acts have prevented the state courts from reviewing his claims.

*Whittlesey*, 897 F.2d at 145 (footnote omitted). Although Petitioner did not successfully escape from RCDC, the State of South Carolina is not required to bring Petitioner to trial until he completes his current sentence of 23 years for kidnapping.

Because Petitioner has not been convicted and has yet to exhaust at least four viable state court remedies a criminal trial, a direct appeal, an application for PCR, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this court should not keep this case on its docket while Petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."; *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n.4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a federal district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return.* See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the district court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

February 23, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).